JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GOLZALO PENA TORRES

## DEFENDANTS

WACHOVIA MORGAGE CORPORATION; COVERDALE VENTURES, INC.; ANUSHKA M. COVERDALE; MAGNOLIA GUERRERO;and DOES 1 though 40

**(b)** County of Residence of First Listed Plaintiff  SONOMA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald F. Seth, Esq.
290 B Street, Suite 205
Santa Rosa, CA 95401
707.545.6370

Attorneys (If Known)
Jack R. Nelson (SBN 111863)
Keith D. Yandell (SBN 233416)
REED SMITH LLP, 1999 Harrison Street,
Oakland, CA 94612
510.763.2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [X] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____ DOCKET NUMBER _____

DATE
April 2, 2008

SIGNATURE OF ATTORNEY OF RECORD
Keith D. Yandell

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44



1   Jack R. Nelson (SBN 111863)
    Email: jnelson@reedsmith.com
2   Keith D. Yandell (SBN 233416)
    Email: kyandell@reedsmith.com
3   REED SMITH LLP
    1999 Harrison Street, Suite 2400
4   Oakland, CA 94612-3572
    **Mailing Address:**
5   P.O. Box 2084
    Oakland, CA 94604-2084
6   Telephone:    +1 510 763 2000
    Facsimile:    +1 510 273 8832
7
    Attorneys for Defendant Wachovia Mortgage, FSB
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
    GONZALO PENA TORRES,                    No.: C08-01775
11
                        Plaintiff,          (Formerly Sonoma County Superior Court Case
12                                          No. SCV 242546)
            vs.
13                                          **NOTICE OF REMOVAL OF ACTION
    WACHOVIA MORTGAGE CORPORATION;          UNDER 28 U.S.C. 1441(b)**
14  COVERDALE VENTURES, INC.; ANUSHKA
    M. COVERDALE; MAGNOLIA GUERRERO;        Compl. Filed:    March 14, 2008
15  and DOES ONE through FORTY,
16                      Defendants.
17
18          PLEASE TAKE NOTICE THAT, pursuant to provisions 1441 and 1446 of Title 28 of the

19  United States Code, Defendant Wachovia Mortgage, FSB, Successor In Interest to World Savings,

20  FSB ("Wachovia") and erroneously sued as Wachovia Mortgage Corporation, hereby removes to

21  this Court the above-captioned action from the Superior Court of the State of California for the

22  County of Sonoma Case No. SCV 242546, to the United States District Court for the Northern

23  District of California.  In support thereof, Wachovia states as follows:

24          1.      On March 14, 2008, Gonzalo Pena Torres ("Plaintiff") filed the above-captioned case

25  in the Superior Court of the State of California for the County of Sonoma (Case No. SCV 242546).

26          2.      On April 2, 2008, Wachovia filed its Answer to the Complaint.  A true and correct

27  copy of Wachovia's Answer to the Complaint is attached hereto as Exhibit "A".

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3.      A true and correct copy of the Sonoma Superior Court Clerk's file in this action as of April 2, 2007 is attached hereto as Exhibit "B".

4.      Defendants Cloverdale Ventures, Inc., Anushka M. Cloverdale and Magnolia Guerrero have not yet answered the Complaint.  There are no other named defendants in this action.  No further proceedings have been had in this action.

5.      Plaintiff's suit against Wachovia, Cloverdale Ventures, Inc., Anushka M. Cloverdale and Magnolia Guerrero alleges, *inter alia*, breach of statutory duties by each named defendant under the Real Estate Settlement Procedures Act, 12 USC Section 2602 et seq. ("RESPA").  The Fourth Cause of Action in the Complaint squarely rests upon, and asserts, a claim for relief against all defendants, including Wachovia, for alleged violation of RESPA.  Under the Fourth Cause of Action, Plaintiff seeks, *inter alia*, federal statutory damages from all defendants.  Moreover, the federal Truth In Lending Act, 15 USC Section 1602 *et. seq.* (TILA), the amendments to TILA in the federal Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq.* (HOEPA) and 12 CFR 560.2 preempt Plaintiff's Third Cause of Action (the only other cause of action against Wachovia) for Rescission.

6.      Plaintiff's cause of action against Wachovia for violation of RESPA is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction, in that it arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331.  Further, Plaintiff's Third Cause Of Action is in direct violation of TILA, HOEPA and 12 CFR Section 560.2, which give the Office of Thrift Supervision ("OTS") the <u>exclusive</u> authority to regulate the operations of federal savings associations such as Wachovia.  Section 1331 of Title 28 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  It has long been established that defendant may remove an action where the plaintiff's claims necessarily require the resolution of a substantial federal question.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997).  Therefore, this is an action against Wachovia over which this court would have had original jurisdiction had it been filed initially in this court, and removal to this court is proper under the provision of 28 U.S.C. § 1441.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL

DOCSOAK-9904734

7.      The other causes of action that Plaintiff assert against Wachovia's co-defendants, but not against Wachovia, all arise out of or relate in part to the same set of alleged facts and are part of the same case and controversy as the claims in the Third and Fourth Causes of Action, and thus this court may assume supplemental jurisdiction over those claims within the meaning of 28 U.S.C. § 1367(a).  Even though the First and Second Causes of Action in the Complaint are not brought against Wachovia, such claims are transactionally related to the Third and Fourth Causes of Action in that they allege, *inter alia*, that the other defendants were Plaintiff's agents and served as her loan broker, but defrauded Plaintiff by entering into the loan transaction that forms the basis of Plaintiff's RESPA and Rescission causes of action.  All of the claims in the Complaint involve a common nucleus of operative facts regarding representations and disclosures to Plaintiff and the actual terms that Plaintiff agreed to with respect to her loan.  Therefore, removal to this court of this entire action is proper under the provisions of 28 U.S.C. Sections 1367 and 1441.

8.      This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code, and controlling authority in this District because it is filed before Wachovia has been served with, or provided any copy of, Plaintiff's Complaint and thus is filed within the applicable statutory period (within 30 days of Wachovia's receipt of Plaintiff's Complaint).  This Notice is therefore timely under 28 U.S.C. § 1446(b).  "Section 1446(b) provides each defendant in a multi-defendant case with thirty days within which to file a notice of removal." *Ford v. New United Motors Manufacturing, Inc.*, 857 F. Supp. 707, 710-711 (N.D. Cal. 1994).

9.      Wachovia has no knowledge that Defendants Cloverdale Ventures, Inc., Anushka M. Cloverdale and Magnolia Guerrero have yet been served.  Removal is thus proper in this action.

DATED:  April 2, 2008.

REED SMITH LLP

By _____
Keith D. Yardell
Attorneys for Wachovia Mortgage, FSB

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
DONALD F. SETH, ESQ., SBN 923
290 B Street, Suite 205
Santa Rosa, CA 95401

TELEPHONE NO.: (707) 545-6370    FAX NO.: (707) 545-9770
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive, Room 107-J
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME:
TORRES v. WACHOVIA MORTGAGE CORPORATION, et al.

FOR COURT USE ONLY

**FILED**

MAR 14 2008

Clerk of the Superior Court of California
County of Sonoma
By
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SCV 242546 |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter | Joinder | JUDGE: ELAINE RUSHING |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- ✓ Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition (not specified above) (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify): FOUR
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 3, 2008

DONALD F. SETH
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WACHOVIA MORTGAGE CORPORATION,
COVERDALE VENTURES, INC.,
ANUSHKA M. COVERDALE,
MAGNOLIA GUERRERO, and
DOES ONE through FORTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GONZALO PENA TORRES

# FILED
### MAR 1 4 2008

Clerk of the Superior Court of California
County of Sonoma
By _____ JC
Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SONOMA COUNTY SUPERIOR COURT<br>600 Administration Drive, Room 107-J<br>Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*  **SCV 242546**<br><br>UNLIMITED CIVIL CASE |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONALD F. SETH, ESQ., SBN 92318          (707) 545-6370 Telephone
290 B Street, Suite 205, Santa Rosa, CA 95401          (707) 545-9770 Facsimile

| DATE:<br>*(Fecha)* MAR 1 4 2008 | DENISE L. GORDON | Clerk, by<br>*(Secretario)* Ivonne Cotto | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

DONALD F. SETH, ESQ.
SBN 92318
290 B Street, Suite 205
Santa Rosa, CA 95401
Tel: (707) 545-6370
Fax: (707) 545-9770

Attorney for Plaintiff

**FILED**

MAR 1 4 2008

Clerk of the Superior Court of California
County of Sonoma
By _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

GONZALO PENA TORRES,

    Plaintiff,

vs.

WACHOVIA MORTGAGE CORPORATION,
COVERDALE VENTURES, INC.,
ANUSHKA M. COVERDALE,
MAGNOLIA GUERRERO, and
DOES ONE through FORTY,

    Defendants.

No. SCV- **242546**

COMPLAINT FOR DAMAGES FOR
FRAUD, MISREPRESENTATION,
BREACH OF CONTRACT,
BREACH OF FIDUCIARY DUTY
AND STATUTORY VIOLATIONS

**UNLIMITED CIVIL CASE**

Plaintiff alleges:

(1)

Plaintiff is a resident of Santa Rosa, California.

(2)

Defendant WACHOVIA MORTGAGE is a North Carolina corporation, and the

successor in interest of World Savings, Inc. WACHOVIA is doing business in the city of Santa

Rosa, County of Sonoma.

(3)

COVERDALE VENTURES, INC., is, and at all times relevant herein was, a

corporation, duly organized and existing under the laws of the state of California, doing

COMPLAINT

1    business as AMC Realty in Windsor, California.

2                                    (4)

3            Defendant ANUSHKA COVERDALE is, and at all times relevant herein was, an

4    individual residing in Windsor, California.  ANUSHKA COVERDALE is the owner of

5    COVERDALE VENTURES, INC., and is a licensed real estate broker.

6                                    (5)

7            There is such a unity of interest and ownership between COVERDALE

8    VENTURES, INC. and ANUSHKA COVERDALE that the separate personalities of

9    ANUSHKA COVERDALE and the business entity no longer exist, and if the acts of

10    COVERDALE VENTURES, INC. are treated as those of the corporation alone, an inequitable

11    result will follow.  Accordingly, ANUSHKA COVERDALE is responsible and liable for any

12    acts of COVERDALE VENTURES, INC., and its employees, as her alter ego.

13                                    (6)

14            MAGNOLIA GUERRERO is an individual employed by COVERDALE

15    VENTURES as a real estate agent.

16                                    (7)

17            Plaintiff does not know the true names and capacities, whether corporate,

18    partnership, associate, individual or otherwise of defendants sued herein as DOES ONE

19    through FORTY, under the provisions of Section 474 of the California Code of Civil

20    Procedure.  Plaintiff is informed and believes, and on that basis alleges that defendants DOES

21    ONE through FORTY are in some manner responsible for the acts and occurrences set forth

22    herein and are legally liable to plaintiff.  Plaintiff will seek leave to amend this complaint to set

23    forth the true names and capacities of said fictitiously named defendants when ascertained.

24                                    (8)

25            Plaintiff is informed and believes, and on that basis alleges, that at all times

26    mentioned herein each defendant, whether actually or fictitiously named, was the principal,

27    agent or employee of each other defendant and in acting as such principal, or within the course

28

COMPLAINT                                    - 2 -

1    and scope of such employment or agency, took some part in the acts or omissions hereinafter

2    set forth. At all times relevant herein, each defendant ratified the unlawful conduct of the

3    individual defendants, their agents and employees, by failing to repudiate the misconduct and

4    by accepting the benefits of the transaction with knowledge of the wrongdoing.

## FACTUAL BACKGROUND

(9)

Plaintiff is Spanish-speaking. He is the owner of a single family residence located at 1224 Caribou Court, Santa Rosa, California, and resides there with his wife and four children. Plaintiff is a wage earner; he is not a sophisticated investor.

(10)

In 2005, plaintiff approached defendant MAGNOLIA GUERRERO and expressed his interest in purchasing income property. He had $40,000.00 in savings and told GUERRERO he wanted to use that money as a down payment.

(11)

GUERRERO was the listing agent for a fourplex located at 865-871 Aston Avenue in Santa Rosa, California (referred to hereafter as "the Aston property.") She showed plaintiff the fourplex and said he would need a larger down payment in order to get financing for a purchase. GUERRERO suggested plaintiff refinance his home in order to take out equity for the down payment on the Aston property.

(12)

Plaintiff told GUERRERO he did not want to refinance his home. He explained that his monthly mortgage payment was affordable at $1,840, including property taxes, and that he wanted to protect his home for his wife and children. GUERRERO told plaintiff that she could refinance his home with a loan that would not increase his monthly payments for one year, and then would increase only minimally for a maximum of five years, so that his home would not be jeopardized. All these and subsequent discussions during the transactions were

COMPLAINT        - 3 -

1  conducted in the Spanish language.

2  (13)

3  Plaintiff then agreed to refinance his home and borrow $108,000 from the equity

4  in order to meet the down payment requirement for the Aston property.

5  (14)

6  On behalf of plaintiff, GUERRERO solicited a refinance from World Savings. In

7  preparing a loan application, without the knowledge of plaintiff, she falsely and fraudulently

8  increased plaintiff's income and assets.

9  (15)

10  GUERRERO and COVERDALE acted as agents for World Savings and were

11  paid $8,480.00 broker fees, or two percent of the loan amount, "outside of closing" by World

12  Savings.

13  (16)

14  The new loan was a negative amortization loan, in which the first monthly

15  payment was $1,556.51. Thereafter, the payment required to cover monthly principal and

16  interest increased to $4,104.04. The loan terms allowed plaintiff to make lower monthly

17  payments than $4,104.04 for a limited time. In that event, unpaid principal and interest would

18  be added to the loan balance. When the loan balance reached 125% of the original borrowed

19  amount, the loan would be reamortized into a new 30-year obligation at an even higher rate.

20  The World Savings loan also provided for a prepayment penalty.

21  (17)

22  GUERRERO knew what plaintiff's true income was and knew that he would be

23  unable to meet the obligations of the World Savings loan.

24  (18)

25  Plaintiff was not told that his house payment would increase by more than 260%

26  if he followed GUERRERO'S advice, nor that making a payment of less than $4,104.04 would

27  quickly result in an even higher monthly payment being required. Plaintiff was not given a

28

COMPLAINT                                    - 4 -

1   Spanish translation of the note, any federally-mandated disclosures, or any other loan

2   documents.

3                                      (19)

4          In soliciting the negative amortization loan from plaintiff, GUERRERO and

5   COVERDALE were acting as the agent for World Savings, and were paid a commission by

6   World Savings for their services.

7                                      (20)

8          GUERRERO took an offer from plaintiff to her other client, the seller of the

9   Aston property.  The offer was accepted.  GUERRERO then learned that plaintiff's original

10  $40,000.00 savings plus the $108,000 taken from his home equity was still not a sufficient

11  down payment.  She arranged for an associate at COVERDALE VENTURES, Laura Correia, to

12  add $36,000.00 of Correia's personal funds to plaintiff's down payment.  To repay the

13  associate, GUERRERO later arranged a $75,000 equity line at Citibank for plaintiff and told

14  him to write a $36,000 check to Correia from the Citibank account.

15                                     (21)

16         GUERRERO then sought a loan from Downey Savings for plaintiff's purchase of

17  the Aston property.  As with the World Savings loan, she falsified plaintiff's income and assets

18  on the loan application in order to receive a commission from Downey.  GUERRERO and

19  COVERDALE created numerous fraudulent letters to substantiate the falsely inflated income.

20  All this was done without plaintiff's knowledge.

21                                     (22)

22         The loan GUERRERO obtained from Downey Savings for plaintiff was, like the

23  World Savings loan on his home, a negative amortization loan.  The lowest monthly payments

24  that Downey allowed were the only amounts plaintiff could afford.  GUERRERO knew what

25  plaintiff's true income was and knew that he would be unable to meet the obligations of the

26  Downey loan.

27  ///

28

COMPLAINT                              - 5 -

(23)

Both the World Savings and the Downey Savings loan are about to be re-amortized under the terms of the notes, and plaintiff will be unable to make the new payments.

**FIRST CAUSE OF ACTION**
(Fraud)

GUERRERO, COVERDALE

(24)

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 23 as though fully set forth.

(25)

As his real estate agents and mortgage brokers, defendants had a fiduciary obligation to plaintiff. As such, defendants owed a duty to plaintiff to make full disclosure of all material facts within defendants' knowledge relating to the transaction and to act in his best financial interests.

(26)

When defendants represented what plaintiff's home mortgage payment would be if he refinanced, they knew the representation was false. Defendants made this representation, and failed to disclose the risk associated with the loan they obtained for him, with intent to induce plaintiff to borrow against his home equity.

(27)

At the time the representation was made, plaintiff was ignorant of its falsity but believed it to be true. In reliance thereon, plaintiff was induced to sign a negative amortization note and borrow $108,000, more or less, which he would not have done had he known the true facts.

(28)

By reason of the facts alleged, plaintiff has been damaged in a sum to be proven at trial.

COMPLAINT                                — 6 —

(29)

      The representation made by defendants as herein alleged was willful, deliberate,

malicious, and intended to oppress and defraud plaintiff so that defendants are subject to

exemplary and punitive damages.

      WHEREFORE, plaintiff prays judgment against defendants as hereinafter set

forth.

### SECOND CAUSE OF ACTION
(Fraud)

GUERRERO, COVERDALE

(30)

      Plaintiff realleges and incorporates herein by reference paragraphs 1 through 28 as

though fully set forth.

(31)

      When defendants arranged plaintiff's loan with Downey Savings as set forth

above, defendants knew it was a negative amortization loan, and knew that plaintiff would not

be able to afford the payments as they increased. Further, defendants knew that plaintiff did not

understand the consequences of a negative amortization loan.

(32)

      Defendants breached their fiduciary duty toward plaintiff in obtaining the Downey

loan, which was done for their own financial gain and to the detriment of plaintiff.

(33)

      By reason of the facts alleged, plaintiff has been damaged in a sum to be proven at

trial.

(34)

      Defendants' acts and omissions were willful, deliberate, malicious, and intended

to oppress and defraud plaintiff so that defendants are subject to exemplary and punitive

damages.

COMPLAINT

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
#### (Rescission)

### WACHOVIA

#### (35)

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 as though fully set forth.

#### (36)

Under Civil Code Section 1632, plaintiff was to have received a Spanish language translation of the World Savings promissory note prior to its execution so that he could understand the terms of the agreement.

#### (37)

GUERRERO and COVERDALE, acting as agents for WACHOVIA, failed to provide plaintiff with such a translation.

#### (38)

Defendant's failure to provide a Spanish translation was a violation of the statute and allows plaintiff to rescind the loan transaction.

Wherefore, plaintiff prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
#### (Violation of Real Estate Settlement Procedures Act)

### GUERRERO, COVERDALE, WACHOVIA

#### (39)

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 as though fully set forth.

#### (40)

The transaction between plaintiff and World Savings was a "federally related

COMPLAINT                        – 8 –

mortgage loan" as that term is defined in the Real Estate Settlement and Procedures Act
(RESPA), 12 U.S.C. §2602(1).

(41)

World Savings' funding and origination of the loan are "settlement services" as
that term is defined in RESPA, 12 U.S.C. §2602(3).

(42)

In exchange for submitting plaintiff's loan application to World Savings, World
Savings paid GUERRERO and COVERDALE a commission of $8,480, or two percent of the
amount borrowed.

(43)

Because the loan GUERRERO and COVERDALE procured for plaintiff was
obtained fraudulently, the terms of the loan were so detrimental to plaintiff, and because the
loan itself was not in the best interests of defendants' principal, the services of GUERRERO
and COVERDALE had no value to plaintiff.  Therefore, defendants provided no goods or
services for the commission.

(44)

WACHOVIA'S payment of the commission, and GUERRERO and
COVERDALE'S acceptance of the commission without rendering services, violated RESPA'S
prohibition against providers of settlement services from paying referral fees and kickbacks. 12
U.S.C. §2607 and 24 C.F.R. §3500.14(c).

(45)

Defendants are subject to a civil penalty of three times the amount of the
commission paid for "settlement services."

WHEREFORE, plaintiff prays for judgment as follows:

1. For actual damages;

2. For punitive and exemplary damages against defendants GUERRERO and

COVERDALE;

COMPLAINT

– 9 –

3. For rescission of the World Savings loan;

4. For a civil penalty against all defendants in the amount of $25,440.00;

5. For costs of suit;

6. For such other and further relief as the Court deems appropriate.

Dated: _Mar. 3_____, 2008

DONALD F. SETH, ESQ.
Attorney for Plaintiff

COMPLAINT                      - 10 -

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | (FOR COURT USE ONLY)<br><br>**FILED**<br><br>MAR 1 4 2008<br><br>Clerk of the Superior Court of California<br>County of Sonoma<br>By _____<br>Deputy Clerk |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>S C V  **242546** |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** ____**ELAINE RUSHING**____ **FOR ALL PURPOSES.** Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

| Date: **JUL 2 4 2008** | Time:<br>**8.30** | Courtroom:<br>**19** |
|---|---|---|
| Location:    1450 Guerneville Road<br>Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

CV-1 (REV. JAN 1 2008) NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC  CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

**EXHIBIT B**

1  Jack R. Nelson (SBN 111863)
   Keith D. Yandell (SBN 233416)
2  REED SMITH LLP
   1999 Harrison Street
3  Suite 2400
   Oakland, CA 94612-3572
4  Telephone:    +1 510 763 2000
   Facsimile:    +1 510 273 8832
5
   Attorneys for Defendants Wachovia Mortgage,
6  FSB

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SONOMA

10

11  GONZALO PENA TORRES,                      No.: SCV-242546

12                      Plaintiff,            ANSWER TO UNVERIFIED COMPLAINT
                                              FOR DAMAGES FOR FRAUD,
13        vs.                                 MISREPRESENTATION, BREACH OF
                                              CONTRACT, BREACH OF FIDUCIARY
14  WACHOVIA MORTGAGE CORPORATION,            DUTY AND STATUTORY VIOLATIONS
    COVERDALE VENTURES, INC., ANUSHKA
15  M. COVERDALE, MAGNOLIA GUERRERO,          Complaint Filed: March 14, 2008
    and DOES ONE through FORTY,
16
                                                        File By Fax
17                      Defendants.

18

19        Defendant Wachovia Mortgage, FSB ("Wachovia"), successor in interest to World Savings

20  Bank, FSB ("World") and erroneously sued as Wachovia Mortgage Corporation answers the

21  unverified complaint of Plaintiff Gonzalo Pena Torres ("Plaintiff"), as follows:

22

23                                    GENERAL DENIAL

24        Pursuant to California Civil Procedure Code Section 431.30, Wachovia generally denies each

25  and every allegation of the Complaint. Wachovia further denies that Plaintiff is entitled to any relief

26  against World, and denies that Plaintiff has been damaged in the nature alleged or in any other

27  manner, or at all. Further, Wachovia denies that Plaintiff has sustained any injury, damage, or loss

28

                                          – 1 –                                      DOCSOAK:5904726.1
                              Answer to Unverified Complaint

1    by reason of any conduct, action, error, or omission on the part of Wachovia and/or World, or any

2    agent, employee or any other person acting under Wachovia's and/or World's authority or control.

3    <u>**DEFENSES**</u>

4        1.      As a first, separate, and distinct defense, Wachovia alleges that the complaint fails to

5    state facts sufficient to constitute a cause of action upon which relief may be granted as against

6    Wachovia and/or World.

7        2.      As a second, separate, and distinct defense, Wachovia alleges that the complaint and

8    each cause of action contained therein that is directed at Wachovia and/or World is barred by the

9    applicable statutes of limitation.

10       3.      As a third, separate, and distinct defense, Wachovia alleges that Plaintiff is barred

11   and/or limited by contract from seeking from Wachovia and/or World the damages that Plaintiff

12   alleges in his complaint.

13       4.      As a fourth, separate, and distinct defense, Wachovia alleges that it and/or World

14   owed Plaintiff no duty, sounding in either contract or tort, during the period relevant to Plaintiff's

15   complaint, or at any time, upon which any claim against Wachovia and/or World can be based.

16       5.      As a fifth, separate, and distinct defense, Wachovia alleges that Plaintiff is barred

17   from any recovery because Wachovia and/or World acted reasonably and in good faith at all times

18   material herein based on relevant facts and circumstances known to Wachovia and/or World at the

19   time Wachovia and/or World so acted.

20       6.      As a sixth, separate, and distinct defense, Wachovia alleges that Plaintiff's complaint,

21   and all purported causes of action contained therein, are barred in whole or in part because the

22   alleged damage to Plaintiff was not proximately caused by the alleged wrongful acts of Wachovia

23   and/or World.

24       7.      As a seventh, separate, and distinct defense, Wachovia alleges that Plaintiff's alleged

25   injuries were directly and proximately caused or contributed to by the negligence, carelessness, acts,

26   conduct, omissions, activities, recklessness and/or misconduct of or fault of Plaintiff and/or his

27   agent(s), whose comparative negligence or fault is sufficient to bar these claims against Wachovia

28   and/or World and/or to eliminate or proportionately reduce Plaintiff's entitlement to recovery, if any.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    8.    As an eighth, separate, and distinct defense, Wachovia avers that the complaint, and
2  each cause of action therein, is barred by waiver by Plaintiff's and/or his agent(s) of the wrongs and
3  breaches alleged, and that Plaintiff is estopped from complaining as to the actions and liabilities set
4  forth in the complaint.

5    9.    As a ninth, separate, and distinct defense, Wachovia is informed and believes and
6  thereon alleges that Plaintiff failed to mitigate his alleged damages as required by law.

7    10.    As a tenth, separate, and distinct defense, Wachovia alleges that Plaintiff's claims are
8  barred by the doctrine of laches.

9    11.    As an eleventh, separate, and distinct defense, Wachovia alleges that Plaintiff's
10  claims are barred by the equitable doctrine of unclean hands.

11    12.    As a twelfth, separate, and distinct defense, Wachovia alleges that Plaintiff would be
12  unjustly enriched if allowed to recover on this Complaint.

13    13.    As a thirteenth, separate, and distinct affirmative defense, Wachovia alleges that
14  Plaintiff's single cause of action against Wachovia and/or World involves a federal question over
15  which this Court lacks jurisdiction.

16    14.    As a fourteenth, separate, and distinct defense, Wachovia alleges that Plaintiff's
17  Complaint fails to show that any alleged acts or omissions of Wachovia and/or World caused the
18  injuries or damages claimed by Plaintiff.

19    15.    As a fifteenth, separate and distinct defense, Wachovia alleges that Plaintiff did not
20  incur any damage or loss as a result of any act or conduct by Wachovia and/or World.

21    16.    As a sixteenth, separate, and distinct defense, Wachovia alleges that any damage or
22  loss incurred as a result of any act or conduct by Wachovia and/or World, which damages are
23  specifically denied herein, would be speculative and, thus, too uncertain for recovery.

24    17.    As a seventeenth, separate, and distinct defense, Wachovia alleges that World's acts
25  and omissions as alleged in the Complaint were justified and/or privileged.

26    18.    As an eighteenth, separate, and distinct defense, Wachovia alleges, that with respect
27  to the matters alleged in the Complaint, that World acted without intention of any violation of all
28  applicable laws, regulations, applicable official commentary and government and industry standards,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

DOCSOAK-9904725.1

1   and that if any such violation occurred it was the result of bona fide error notwithstanding the

2   maintenance of procedures reasonably adapted to avoid any such error.

3         19.    As a nineteenth, separate, and distinct defense, Wachovia alleges that at all times

4   relevant to the Complaint, World's conduct and activities were in good faith compliance with the

5   applicable laws, regulations, rules and interpretations of the Federal Reserve Board and/or with

6   interpretation or approval of a duly authorized official or employee of the Federal Reserve System,

7   and thus cannot be deemed actionable or unlawful, unfair, fraudulent, deceptive, untrue or

8   misleading.

9         20.    As a twentieth separate, and distinct defense, Wachovia alleges that the Complaint,

10   and each cause of action thereof, is wholly or partially barred by the applicable Statute of Frauds (to

11   wit, Code of Civil Procedure Section 1971, and/or Civil Code Section 1624).

12         21.    As a twenty-first, separate, and distinct defense, Wachovia alleges that certain

13   conditions precedent, which may have given rise to a duty to act or liability on the part of Wachovia

14   and/or World, did not arise.

15         22.    As a twenty-second, separate, and distinct defense, Wachovia alleges that plaintiff is

16   precluded from alleging that Wachovia and/or World is responsible for the actions and/or statements

17   of third parties who plaintiff specifically alleges were the agent(s) of plaintiff, or from alleging that

18   the actions and/or statements of such agent(s) may or can be imputed to Wachovia and/or World.

19         23.    As a twenty-third, separate, and distinct defense, Wachovia alleges that plaintiff has

20   failed to establish any right to actual damages in any amount.

21         24.    As a twenty-fourth, separate, and distinct defense, Wachovia alleges that plaintiff has

22   failed to meet the applicable conditions precedent to exercise any claimed right to rescind, and thus

23   cannot seek to rescind, the loan contract alleged in the complaint

24         25.    As a twenty-fifth, separate, and distinct defense, Wachovia alleges that plaintiff has

25   failed to allege facts sufficient to state a claim for reformation of the contract at issue and/or that

26   plaintiff is not entitled to reformation of the contract.

27         26.    As a twenty-sixth, separate, and distinct defense, Wachovia alleges that all

28   disclosures required by law or regulation were made to plaintiff with respect to the loan transaction

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  referenced in the complaint, and that as a result plaintiff has no right to relief against Wachovia

2  and/or World of any kind or nature.

3      27.    As a twenty-seventh, separate, and distinct defense, Wachovia alleges that, if any

4  discrepancies exist between requisite disclosure(s) and actual term(s) of any loan to plaintiff, such

5  discrepancies are within tolerance limits set by applicable law, including, but no limited to, those set

6  forth in the Code of Federal Regulations.

7      28.    As a twenty-eighth, separate, and distinct defense, Wachovia alleges that the federal

8  Truth In Lending Act, 15 USC Section 1602 *et. seq.* (TILA), the amendments to TILA in the federal

9  Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq.* (HOEPA) and 12 CFR 560.2

10  preempt Plaintiff's Causes of Action against Wachovia.

11      29.    Wachovia also reserves the right to assert other defenses as may become available or

12  apparent during the course of discovery or other proceedings.

13      WHEREFORE, Wachovia demands judgment in its favor, the dismissal of Plaintiff's

14  complaint as to Wachovia and World, costs of suit and attorneys' fees and all other relief that this

15  Court may deem just and proper.

16

17      DATED:  April 2, 2008.

18                          REED SMITH LLP

19

20                          By _____
                              Keith D. Yandell
21                            Attorneys for Defendant Wachovia Mortgage, FSB

22

23

24

25

26

27

28

DOCSOAK-9904725.1

Answer to Unverified Complaint

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On April 2, 2008, I served the following document(s) by the method indicated below:

**ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES FOR FRAUD, MISREPRESENTATION, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY AND STATUTORY VIOLATIONS**

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| Donald F. Seth, Esq.<br>290 B Street, Suite 205<br>Santa Rosa, CA 95401 | **Counsel for Plaintiff**<br>Telephone:    707.545.6370<br>Fax:              707.545.9770 |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 2, 2008 at Oakland, California.

David P. Kelley

DOCSOAK-9904725.1

Answer to Unverified Complaint

REED SMITH LLP
A limited liability partnership formed in the State of Delaware