Kara Ann Smith (State Bar No. 112088)
Vincent J. Adams (State Bar No. 249696)
VAN DE POEL, LEVY & ALLEN, LLP
425 California Street, 19th Floor
San Francisco, California 94104
Telephone No: (415) 291-8844
Facsimile No: (415) 291-8855

Attorneys for Defendants
COVERDALE VENTURES, INC. and
MAGNOLIA GUERRERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO PENA TORRES,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE CORPORATION, COVERDALE VENTURES, INC., ANUSHKA M. COVERDALE, MAGNOLIA GUERRERO, and DOES ONE through FORTY,<br><br>Defendants. | CASE NO.: C08-01775 JL<br><br>(Formerly Sonoma County Superior Court Case No. SCV 242546)<br><br>DEFENDANTS' COVERDALE VENTURES, INC. AND MAGNOLIA GUERRERO'S ANSWER TO COMPLAINT FOR DAMAGES<br><br>*Complaint Filed: March 14, 2008* |

Defendants, COVERDALE VENTURES, INC. and MAGNOLIA GUERRERO (hereinafter referred to as "DEFENDANTS"), hereby answer the Complaint of Plaintiff, GONZALO PENA TORRES (hereinafter referred to as "PLAINTIFF"), as follows:

**GENERAL DENIAL**

1.  Pursuant to the provisions of Code of Civil Procedure section 431.30, DEFENDANTS deny generally and specifically each and every allegation contained in each cause of action of the Complaint and further deny that PLAINTIFF has been damaged in any sums whatsoever, or at all.

{00444964.DOC;1}                                    1

## FIRST AFFIRMATIVE DEFENSE

2. The Complaint in its entirety and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

3. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that any damage or injury allegedly suffered by PLAINTIFF was proximately caused or contributed to by the negligence or fault of PLAINTIFF'S agents, representatives and/or employees; and DEFENDANTS are informed and believe and thereon allege that said party was careless and negligent. Thus, if PLAINTIFF is entitled to recover at all for any damages alleged, such recovery must be diminished to the extent that said damages are attributable to the negligence of PLAINTIFF'S agents, representatives and/or employees.

## THIRD AFFIRMATIVE DEFENSE

4. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that any injury or damage suffered by PLAINTIFF and/or any other party was caused or contributed to by the negligence or fault of persons or entities other than DEFENDANTS, thereby entitling DEFENDANTS to an appropriate apportionment of damages in accordance with the provisions of California law.

## FOURTH AFFIRMATIVE DEFENSE

5. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that any injuries or damages suffered by PLAINTIFF was caused or contributed to, in whole or in part, by the negligence or fault of PLAINTIFF or others, which entitles DEFENDANTS to contribution from said individuals and entities, and each of them.

## FIFTH AFFIRMATIVE DEFENSE

6. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that if they are found to have been negligent or liable in any manner, such conduct was passive and secondary, while the negligence of PLAINTIFF or others was active and primary, which bars, in whole or in part, the recovery requested or any

recovery at all, against DEFENDANTS.

**SIXTH AFFIRMATIVE DEFENSE**

7. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint is barred in whole or in part by reason of PLAINTIFF'S inequitable conduct and/or unclean hands, and the court should not give PLAINTIFF relief based upon the facts alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

8. As a further and separate affirmative defense to the Complaint, DEFENDANTS allege that the Complaint and each purported cause of action stated therein are barred under the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

9. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint and each purported cause of action stated therein are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

10. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint and each purported cause of action stated therein are barred under the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

11. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint and each purported cause of action stated therein are barred as a result of the PLAINTIFF'S failure to mitigate his damages, if any were suffered, and by their gratuitously incurring expenses that were not justified.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that they exercised ordinary care, caution and prudence to avoid the alleged loss by PLAINTIFF, and thus said DEFENDANTS did not breach a duty to PLAINTIFF herein.

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street
19th Floor
San Francisco, CA 94104
Telephone: (415) 791-8844
Facsimile: (415) 291-8855

{00444964.DOC;1}                              3

DEFENDANTS' COVERDALE VENTURES, INC. AND MAGNOLIA GUERRERO'S ANSWER TO COMPLAINT FOR DAMAGES

### TWELFTH AFFIRMATIVE DEFENSE

13. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege, on information and belief, that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of or associated with the matters alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint and each purported cause of action stated therein are barred because PLAINTIFF ratified the loans obtained from World Savings and Downey Savings by continuing to accept the benefits of these transactions after learning that the representations made by DEFENDANTS were allegedly false.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. As a further and separate affirmative defense to PLAINTIFF'S first and second causes of action for fraud, DEFENDANTS allege that to the extent that PLAINTIFF'S claims are based on an alleged duty to disclose the risks associated with receiving a loan, such claims are barred because to the extent that such risks exist, those risks are, and always have been commonly known.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. As a further and separate affirmative defense to PLAINTIFF'S first and second causes of action for fraud, DEFENDANTS allege, on information and belief that the cause of action therein is barred by a statute of limitations under California Code of Civil Procedure § 338(d).

### SIXTEENTH AFFIRMATIVE DEFENSE

17. As a further and separate affirmative defense to PLAINTIFF'S fourth cause of action for violation of the Real Estate Settlement Procedures Act, DEFENDANTS allege, on information and belief that the cause of action therein is barred by a statute of limitations under 12 U.S.C. § 2614.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. As a further and separate affirmative defense to PLAINTIFF'S fourth cause of action for violation of the Real Estate Settlement Procedures Act, DEFENDANTS allege that if any

violations do exist, they were not fraudulently concealed by DEFENDANTS, thereby any harm to PLAINTIFF was caused by their failure to use due diligence to detect any violations and pursue any action within the statutory period in 12 U.S.C. § 2614.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19. As a further and separate affirmative defense to PLAINTIFF'S fourth cause of action for violation of the Real Estate Settlement Procedures Act, DEFENDANTS allege that the transaction between PLAINTIFF and DEFENDANTS is exempt as a business and/or commercial transaction under 12 U.S.C. § 2606(a).

### NINETEENTH AFFIRMATIVE DEFENSE

20. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, defenses available. DEFENDANTS reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### TWENTIETH AFFIRMATIVE DEFENSE

21. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that PLAINTIFFS voluntarily and knowingly entered into and engaged in the transaction, operation and conduct alleged in said Complaint and voluntarily and knowingly assumed all the risks incident to said transaction, operation, acts and conduct at the time and place mentioned in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that the Complaint is barred because PLAINTIFF failed to give timely notice to these answering DEFENDANTS of any alleged contractual breach, claim for indemnity, or nonperformance.

///

///

///

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street
19th Floor
San Francisco, CA 94104
Telephone: (415) 291-8844
Facsimile: (415) 291-6855

{00444964.DOC;1}    5

DEFENDANTS' COVERDALE VENTURES, INC. AND MAGNOLIA GUERRERO'S ANSWER TO COMPLAINT FOR DAMAGES

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that PLAINTIFF acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that if PLAINTIFF suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of PLAINTIFF, or other parties to the contract, if any, and not by these answering DEFENDANTS.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that any alleged acts or omissions of DEFENDANTS that give rise to PLAINTIFF'S claims is the result of innocent mistake.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that DEFENDANTS' alleged conduct was justified, excused and caused by PLAINTIFF'S breach, or failure to perform the conditions of agreements and/or contracts with these answering DEFENDANTS, if any.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that PLAINTIFF consented, either expressly or impliedly, to the acts and/or omissions of these answering DEFENDANTS alleged in the Complaint, and thus are barred from recovery.

///
///
///

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
435 California Street,
19th Floor
San Francisco, CA 94104
Telephone: (415) 291-8844
Facsimile: (415) 291-8855

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint DEFENDANTS allege that PLAINTIFF would be unjustly enriched if allowed to recover on this complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint DEFENDANTS allege that any damage or loss incurred as a result of any act or conduct by DEFENDANTS, which damages are specifically denied herein, would be speculative and, thus, too uncertain to recover.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

30. As a further and separate affirmative defense to the causes of action contained in PLAINTIFF'S Complaint, DEFENDANTS allege that to the extent PLAINTIFF seeks attorneys' fees pursuant to a contract, pursuant to Civil Code § 1717, should these answering DEFENDANTS prevail, then DEFENDANTS should be entitled to DEFENDANTS' reasonable attorneys' fees. Additionally, to the extent DEFENDANTS are required to defend DEFENDANTS' rights in this action against PLAINTIFF or third parties as a result of conduct of PLAINTIFF or third party tortfeasors, DEFENDANTS are entitled to payment of DEFENDANTS' reasonable attorneys' fees and costs according to statute and/or common law.

WHEREFORE, DEFENDANTS pray as follows:

1. That PLAINTIFF takes nothing by reason of his Complaint;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court may deem just and proper.

DATED: May 20, 2008

VAN DE POEL, LEVY & ALLEN, LLP

By: _____
KARA ANN SMITH
VINCENT J. ADAMS
Attorneys for Defendants
COVERDALE VENTURES, INC. and
MAGNOLIA GUERRERO

{00444964.DOC;1}    7

VAN DE POEL,
LEVY & ALLEN, LLP
ATTORNEYS AT LAW
425 California Street
19th Floor
San Francisco, CA 94104
telephone: (415) 291-8844
facsimile: (415) 291-8855

DEFENDANTS' COVERDALE VENTURES, INC. AND MAGNOLIA GUERRERO'S ANSWER TO COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

| Re: | Gonzalo Pena Torres vs. Wachovia Mortgage Corporation, et al. |
|---|---|
| Court: | United States District Court Northern District of California Case No. C08-01775 |
| Represent: | Coverdale Ventures, Inc. and Magnolia Guerrero |

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Van De Poel, Levy & Allen, LLP whose business address is 425 California Street, 19th Floor, San Francisco, California 94104.

On May 20, 2008, I served the following document(s) in the following manner(s):

**DEFENDANTS' COVERDALE VENTURES, INC. AND MAGNOLIA GUERRERO'S ANSWER TO COMPLAINT FOR DAMAGES**

☒ **MAIL:** By placing the document(s) listed below in a sealed envelope with postage thereon, in the United States mail at San Francisco, California, addressed as set forth below.

☐ **FACSIMILE:** By transmitted a true copy, via facsimile electronic equipment transmission (fax) to the office(s) of the addressee(s) at the fax number(s) below.

☐ **OVERNIGHT:** By placing a copy thereof into envelope(s) bearing the name(s) and address(es) and county(ies) of the person(s) to be served by commercial carrier service for overnight delivery as shown below.

| | |
|---|---|
| Donald F. Seth, Esq.<br>290 B Street, Suite 205<br>Santa Rosa, California 95401<br>Telephone No: (707) 545-6370<br>Facsimile No: (707) 545-9770<br>**Attorney for PLAINTIFF** | Jack R. Nelson, Esq.<br>Keith D. Yandell, Esq.<br>REED SMITH LLP<br>1999 Harrison Street, Suite 2400<br>Oakland, California 94612<br>Telephone No: (510) 763-2000<br>Facsimile No: (510) 273-8832<br>**Attorneys for WACHOVIA MORTGAGE, FSB** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:    May 20, 2008

_____
Katherine Eng

{00448125.DOC;1}                                   1

PROOF OF SERVICE