Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233416)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084
Telephone:    +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
Wachovia Mortgage, FSB (sued incorrectly as
"Wachovia Mortgage Corporation")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO PENA TORRES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WACHOVIA MORTGAGE CORPORATION; COVERDALE VENTURES, INC.; ANUSHKA M. COVERDALE; MAGNOLIA GUERRERO; and DOES ONE through FORTY,<br><br>　　　　　Defendants. | No.: C08-01775 WHA<br><br>(Formerly Sonoma County Superior Court Case No. SCV 242546)<br><br>**DEFENDANT WACHOVIA MORTGAGE, FSB'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　　　　July 3, 2008<br>Time:　　　　8:00 a.m.<br>Courtroom :　9, 19th Floor, San Francisco<br><br>The Honorable William Alsup<br><br>Compl. Filed:　　March 14, 2008 |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................1

II.  LEGAL ARGUMENT.........................................................................................................2

    A.   Plaintiff Does Not Allege Facts Suggesting That Guerrero Was World's Agent.........................................................................................................................2

        1.   Plaintiff Must Allege Facts Sufficient To Support His Ostensible Agency Claim ...........................................................................................2

        2.   Plaintiff Provides No Facts To Support His Agency Allegation .......................3

    B.   Plaintiff Has Not And Cannot State A Claim that World Violated Section 1632..........................................................................................................................4

        1.   Because Guererro Was Not World's Agent, Plaintiff Did Not Negotiate The Terms of the Note in Spanish......................................................4

        2.   HOLA Preempts Section 1632 Here Because It Attempts To Regulate Federally Mandated Loan Disclosures .............................................4

        3.   In Any Event HOLA Preempts Section 1632 As Plaintiff Seeks To Apply It To World ................................................................................6

        4.   World Was A Federally Chartered Bank When Plaintiff Entered Into the Loan ......................................................................................................8

    C.   Plaintiff Has Not Alleged Facts Sufficient To Support His RESPA Claim for Relief ..................................................................................................................9

        1.   World Had No Knowledge Of Guerrero's Alleged Fraud And, Therefore, Is Protected By Section 19(b)'s Safe Harbor Provision...................9

        2.   Plaintiff Fails To Allege A Kickback Agreement Between World and Guerrero .....................................................................................................10

        3.   Plaintiff Concedes That World Paid Guerrero In Exchange For Services Provided..............................................................................................10

        4.   Plaintiff Cannot Maintain A Private Cause Of Action Under RESPA .............................................................................................................11

III. CONCLUSION..................................................................................................................12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Andrews v. Chevy Chase Bank, FSB,
   240 F.R.D. 612 (D. Wisc. 2007) ................................................................................................ 7

Barclay Kitchen, Inc. v. California Bank,
   208 CA 2d 347 (1962) ............................................................................................................... 3

Bjustrom v. Trust One Mortgage Corp.,
   322 F.3d 1201 (9th Cir. 2003) ................................................................................................ 11

Buick v. World Savings Bank, et al.,
   U.S.D.C. (E.D. Cal.), Case No. 2:07-CV-01447-MCE-KJM (June 11, 2008) ..................... 3, 9

Edwards v. First Am. Corp.,
   517 F. Supp. 2d 1199 .......................................................................................................... 11, 12

Gibson v. World Savings & Loan Assn.,
   103 Cal. App. 4th 1291 (2002) ................................................................................................. 7

Hill v. Citizens Nat't Trust & Sav. Bank,
   9 C2d 172 (1937) ....................................................................................................................... 3

Hussey-Head v. World Savings and Loan Association,
   111 Cal. App. 4th 773 (2003) ................................................................................................... 8

Lopez v. World Savings and Loan Association,
   105 Cal. App. 4th 729 (2003) ............................................................................................... 5, 8

Ocwen Loan Servicing,
   491 F.3d 638 (7th Cir. 2007) ................................................................................................ 6, 7

Prince-Servance v. BankUnited, FSB,
   2007 U.S. Dist. LEXIS 81774 (N.D. Ill. November 1, 2007) ............................................... 5, 6

Rose v. Chase Bank USA, N.A.,
   2008 U.S. App. LEXIS 1240 (January 23, 2008, 9th Cir.) ...................................................... 6

Silvas v. ETrade Mortg. Corp.,
   514 F.3d 1001 (9th Cir. 2008) .................................................................................................. 6

Silvas v. ETrade Mortgage Corporation,
   421 F. Supp. 2d 1315 (S.D. Cal. 2006) ................................................................................. 7-8

Bell Atl. Corp. v. Twombly,
   127 S. Ct. 1955 (2007) ............................................................................................................... 2

## OTHER AUTHORITIES

1 Witkin Agency and Employment, §144 ........................................................................................ 3

12 C.F.R. 560.2(b) ....................................................................................................................4

12 U.S.C. §2607 .....................................................................................................................10

12 U.S.C. §560.2 ......................................................................................................................5

12 U.S.C. Section 1461, et seq............................................................................................1, 4

Cal. Civ. Code §1632................................................................................1, 2, 4, 5, 6, 10, 11, 12

Cal. Bus. & Prof. Code §17200 .................................................................................................7

Fed. R. Civ. P. 8(a)(2)................................................................................................................1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I.   INTRODUCTION

Put simply, Plaintiff Gonzalo Pena Torres ("Plaintiff") fails to plead (and cannot prove) that Wachovia Mortgage, FSB ("World") has committed any legally cognizable "wrong" in connection with loan at issue in this case. Recognizing this fact, Plaintiff seeks to hold World liable for the alleged malfeasance of *his* agent and broker, Magnolia Guerrero ("Guerrero"). Plaintiff then offers a mere boilerplate agency allegation in support of his effort to hold World liable for Guerrero's alleged wrongs. Because Plaintiff fails to advance any allegation of specific *facts* in support of his attempt to portray Guerrero as an "ostensible agent" of World, Plaintiff's California Civil Code Section 1632 and Real Estate Settlement Procedures Act ("RESPA") claims both fail as to World.

Further, even if Plaintiff amended his Complaint to try to identify facts sufficient to support an ostensible agency allegation, such amendment would be futile. Plaintiff cannot cure the substantive and fatal defects inherent in his Section 1632 claim because the Home Owners' Loan Act of 1933, 48 Stat. 129, as amended, 12 U.S.C. Section 1461, *et seq.* ("HOLA"), preempts that statute as Plaintiff seeks to apply it to World. HOLA preempts any state law that purports to govern a federally chartered bank's loan-related disclosures. Section 1632(e), on its face, attempts to regulate World's federally mandated disclosures. Accordingly, HOLA preempts §1632.

Similarly, Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim for relief fails for several reasons that are entirely independent of Plaintiff's inadequate agency allegation. First, Plaintiff concedes that World paid Guerrero in exchange for services that Guerrero provided to World. Settled law holds that a lender may pay a broker for services rendered. And nowhere is there support for the notion that a borrower has standing to allege that the broker's performance in such a situation was so deficient in quality that, in retrospect, the broker "provided nothing of value" to the lender, much less that – by extension – provided nothing of value to the borrower. Therefore, Plaintiff's insistence that Guerrero's services had no value *to Plaintiff* is insufficient to support his RESPA claim.

Second, Plaintiff fails to plead that World and Guerrero were parties to any type of kickback agreement. This too is fatal to Plaintiff's claim.

Finally, Plaintiff does not have standing to bring a RESPA claim against World because Plaintiff did not pay for the settlement service at issue and, therefore, suffered no damages due to the alleged RESPA violation.

In sum, Plaintiff's effort to hold World responsible for the alleged wrongs of a third party should fail at the outset. Plaintiff does not provide assertions of specific facts from which such a conclusion may be drawn and, even if World was legally responsible for Guerrero's alleged bad acts, Plaintiff could still not state a claim against World because HOLA preempts Section 1632 as to World and Plaintiff cannot allege the requisite elements of a RESPA claim against World. Thus, the Court should dismiss Plaintiff's action against World, with prejudice, and limit Plaintiff to pursuing his claims against the alleged wrongdoer -- his broker.

## II.    LEGAL ARGUMENT

### A.    Plaintiff Does Not Allege Facts Suggesting That Guerrero Was World's Agent

Plaintiff bases his entire Opposition on a new, unsupported and therefore pure boilerplate allegation that Guerrero was World's ostensible agent. Opp. at 4:7-16. Because Plaintiff does not plead any *facts* to support this bare conclusory allegation, his Section 1632 and RESPA claims, which are in part grounded on alleged agency, necessarily fail.

#### 1.    Plaintiff Must Allege Facts Sufficient To Support His Ostensible Agency Claim

Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the

claim, but also 'grounds' on which the claim rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (factual allegations necessary to plead "grounds on which claim rests.). Moreover, if "plaintiffs…have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. *See also Buick v. World Savings Bank, et al.*, U.S.D.C. (E.D. Cal.) Case No. 2:07-CV-01447-MCE-KJM (June 11, 2008) (Hon. Morrison C. England, Jr. Presiding) (a true and correct copy of this slip opinion is attached to World's Second Request for Judicial Notice as Exhibit B).

The acts of an alleged agent alone can never establish ostensible authority. *Hill v. Citizens Nat't Trust & Sav. Bank*, 9 C2d 172, 175 (1937); *Barclay Kitchen, Inc. v. California Bank*, 208 CA 2d 347 (1962); 1 *Witkin* Agency and Employment, §144. Therefore, Plaintiff must allege some specific act(s) *by World* that reasonably led Plaintiff to believe that Guerrero had the authority to act on World's behalf.

**2.     Plaintiff Provides No Facts To Support His Agency Allegation**

Here, Plaintiff does not plead a single fact to support his boilerplate allegation that Guerrero was World's agent. *See generally* Complaint. The closest Plaintiff comes to making a *factual* allegation regarding the relationship between World and Guerrero is to plead that World paid Guerrero a commission. Cmplt. ¶ 19. It is settled law in California, however, that merely paying such a fee does not give rise to an agency relationship. *See Buick* at p. 17 (holding that plaintiff failed to adequately allege an agency relationship between World and a mortgage broker because plaintiff only alleged that: (a) the broker received payment from World; and (b) the broker was World's agent). Because Plaintiff does not identify any facts to support his agency allegation, he fails to adequately allege that Guerrero acted as World's agent.

Case No: C08-01775 WHA                - 3 -
Reply In Support Of Motion For Judgment On The Pleadings

**B.      Plaintiff Has Not And Cannot State A Claim that World Violated Section 1632**

**1.      Because Guererro Was Not World's Agent, Plaintiff Did Not Negotiate The Terms of the Note in Spanish**

Plaintiff recognizes that his Section 1632 claim cannot stand in the absence of an agency relationship between World and Guerrero.  *See* Opp. 4:6-12 (arguing that Plaintiff's discussion with Guerrero in Spanish constitute negotiations with World because Guerrero was World's agent); *see also* Cal. Civ. Code §1632 (requiring that a contract be *negotiated* in a foreign for the statute to apply).  As described above, however, Plaintiff has failed to plead that Guerrero was World's agent.  Accordingly, Plaintiff admits he communicated in Spanish only with *his* agent who, in turn, negotiated the terms of the loan with World.  Consequently, the subject loan was not negotiated in Spanish and Section 1632 does not apply.

**2.      HOLA Preempts Section 1632 Here Because It Attempts To Regulate Federally Mandated Loan Disclosures**

Assuming *arguendo* that Plaintiff could amend his Complaint to support his agency allegation, he would still be unable to state a Section 1632 claim against World because HOLA preempts that statute.  To recap, HOLA and 12 CFR 560.2(b) specifically preempt any state law that on its face, or as applied, attempts to regulate a federally chartered bank's lending disclosures.  California Civil Code Section 1632 attempts to regulate World's lending disclosures and is therefore preempted.

The gravemen of Plaintiff's Section 1632 claim is this: Plaintiff only entered into the subject loan because he did not receive a meaningful *disclosure* of the loan's terms in Spanish.  That argument, however, explains inherently why Section 1632 cannot be applied to World; it constitutes an attempt to use Section 1632(e) to govern the content of a loan disclosure issued by a federally

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

chartered savings & loan.

In a convoluted attempt to avoid HOLA's preemptive effect, Plaintiff contends that his Complaint only noted World's failure to provide federally mandated disclosures as "factual background." Plaintiff goes on to suggest that he does not intend to base his Section 1632 claim on that fact but rather argues that the loan agreement not being provided in Spanish is the basis of his claim. Opp. 7:4-6. Leaving aside the disingenuous nature of the argument, Plaintiff misses the point, which is about preemption. By its plain language, Section 1632(e) specifically states that if a lender provides a *federally mandated* Regulation Z disclosure in an enumerated foreign language before execution of the actual loan contract, then the lender "shall … be deemed in compliance with [Section 1632] with regard to the … contract."  Section 1632 is thus not a law of mere "general application" that just happens to sweep up here the lending activity of a federally chartered institution. Section 1632 makes plain that it was drafted specifically to accomplish that regulatory purpose. The statute is thus preempted by HOLA in this instance.

Plaintiff argues that "[n]othing in Section 1632 is inconsistent with 12 C.F.R. §560.2(a) insofoar as [Section 1632] does not purport to impact the content required of any disclosures…" Opp. 6:23-24. But, as shown, that is simply not so, and Plaintiff in any event offers absolutely no explanation of how Section 1632 can be considered a facially neutral statute when it purports, on its face, to regulate the content of lender's Regulation Z disclosures (which are to be *exclusively* governed by the Federal Reserve Board). *See* §1632(e):

> (e) Provision by a supervised financial organization of a translation of the ***disclosures*** required by Regulation M or ***Regulation Z***… in any of the languages specified in subdivision (b) in which the contract or agreement was negotiated, prior to the execution of the contract or agreement, shall also be deemed in compliance with the requirements of subdivision (b) with regard to the original contract or agreement.
>
> (1) "Regulation M" and "Regulation Z" mean any rule, regulation, or interpretation promulgated by the ***Board of Governors of the Federal Reserve System*** and any interpretation or approval issued by an official or employee duly authorized by the board to issue interpretations or approvals dealing with, respectively, consumer leasing or consumer lending, pursuant to the ***Federal Truth in Lending Act***, as amended (15 U.S.C. Sec. 1601 et seq.).  [emph. added]

1  When, as here, a state statute purports to regulate the content of a federally chartered bank's
2  disclosures in any way, the court may end its analysis: the statute is preempted. *Lopez v. World*
3  *Savings and Loan Association*, 105 Cal. App. 4th 729, 738 (2003); *see also Prince-Servance v.*
4  *BankUnited, FSB*, 2007 U.S. Dist. LEXIS 81774 at *11 (N.D. Ill. November 1, 2007) (holding if a
5  state law regulates any of the activity outlined in 560.2(b), including lending disclosures, "it is
6  preempted and no further analysis is needed."). In sum, the express terms of Section 1632 and
7  Section 560.2(b) prohibit Plaintiff's Section 1632 cause of action against World and the Court
8  should dismiss his claim with prejudice.

### 3. In Any Event HOLA Preempts Section 1632 As Plaintiff Seeks To Apply It To World

The Court need not address Plaintiff's argument that Section 1632 falls into 12 USC §560.2(c)'s list of non-preempted state laws because Section 1632 regulates World's disclosures on its face. But even if it were possible to read Section 1632 as only a "general consumer protection law," Plaintiff's assertion that the statute "only incidentally affects…lending operations" [Opp. p:17-18] would still fail. Plaintiff has absolutely no answer to 9th Circuit's recent decision in *Silvas,* which definitively held that HOLA has preemptive effect over even "general consumer protection" laws if they are applied in attempt to regulate a federally chartered bank's disclosures. *Silvas v. E*Trade Mortg*. Corp., 514 F.3d 1001 (9th Cir. 2008); *Rose v. Chase Bank USA, N.A.*, 2008 U.S. App. LEXIS 1240 (January 23, 2008, 9th Cir.); *Prince-Servance*, 2007 U.S. Dist. LEXIS 81774 at *11. These rulings underscore the settled principle that HOLA's preemptive effect is intentionally broad and that §560.2(c)'s exceptions are to be construed narrowly. *Ocwen Loan Servicing*, 491 F.3d 638, 643 (7th Cir. 2007).[1]

---

[1] Specifically, the *Ocwen* court stated: "The list in subsection (c) is long and the categories it covers – contract and commercial law, tort law, and so forth – are very broad. It would not do to let the broad standards characteristics of such fields morph into a scheme of state regulation of federal S&Ls. Hence the statement in subsection (c) that state laws escape preemption only 'to the extent that they only incidentally affect the lending operations of Federal savings

1  Here, Plaintiff seeks to apply Section 1632 as means of requiring World to provide a
2  copy of its promissory notes and/or Regulation Z disclosures in Spanish. As evidenced by Section
3  560.2(b) and subsequent case law, HOLA prohibits such an attack on a federally chartered bank's
4  mortgage disclosures. *Id*. Again, Plaintiff's Section 1632 claim must be dismissed because it is
5  preempted by HOLA.

7  Even if Section 1632 only purported to regulate the content of World's note, it would
8  still be preempted. Courts consider a promissory note to be a form of disclosure and just one of
9  several documents that together make up, or can collectively or individually be considered as
10 satisfying, federally mandated disclosure requirements. *See, e.g.*, *Andrews v. Chevy Chase Bank,*
11 *FSB*, 240 F.R.D. 612, 618 (D. Wisc. 2007) (holding that notes provided at closing must be read in
12 connection with other federally mandated disclosures in order to determine compliance with TILA).[2]
13 Consequently, any attempt to regulate the content of a lender's note equates to regulation of its
14 disclosures. This provides yet another reason for the court to find preemption.

16 Plaintiffs' reliance on *Gibson v. World Savings & Loan Assn.*, 103 Cal. App. 4th
17 1291, 1231 (2002) is misplaced. The plaintiffs in *Gibson* alleged that defendant breached its
18 contracts with consumers by charging more for insurance than authorized by agreement. *Id*. This
19 behavior, the plaintiffs alleged, gave rise to a Business & Professions §17200 ("UCL") claim. *Id*.
20 Given that the UCL claim was grounded in a common law claim for breach of contract, the *Gibson*
21 Court did not find preemption. *Id*. Recent precedent has severely limited and distinguished *Gibson*
22 due to its unique focus on the contractual relationship between the parties (as opposed to any
23 regulated lending activity such as disclosures). *See, e.g.*, *Silvas v. E*Trade Mortgage Corporation*,
24 421 F. Supp. 2d 1315, 1321 (S.D. Cal. 2006)(distinguishing *Gibson* because, there, plaintiffs' "UCL

---

associations or are otherwise consistent with the purposes of paragraph (a) of this section.'"

[2] Section 1632(e) essentially recognizes the same principle by conflating promissory notes and Reg Z disclosures for purposes of testing "translation compliance" with the state law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: C08-01775 WHA   - 7 -
Reply In Support Of Motion For Judgment On The Pleadings

claim was based on the thrift's alleged breaches of its written contracts with customers); *Lopez v. World Savings and Loan Association*, 105 Cal. App. 4th 729, 738 (2003) (same).

*Gibson* is easily distinguishable from the facts in the present case as well. Here, Plaintiffs' Section 1632 claim attacks the substance of World's Note and federally mandated disclosures. Therefore, Plaintiff's Section 1632 claim is preempted.

The only other case upon which Plaintiff bases his opposition, *Hussey-Head v. World Savings and Loan Association*, 111 Cal. App. 4th 773 (2003) is similarly distinguishable. There, the court found that HOLA does not preempt credit reporting statutes because credit reporting is not a "necessary step in the lending process." *Id*. at 783[3]. However, the court still recognized that facially neutral state laws that are applied to regulate conduct essential to lending are preempted. *Id*., citing *Lopez*, 105 Cal. App. 4th at 739 (holding that a lender's payoff demand statement is not subject to state regulation because it "is a necessary step in paying off the loan").

Unlike *Hussey-Head*, here Plaintiff seeks to employ a state statute to govern the content of World's Regulation Z disclosures and Note. Requiring a lender to provide any information in either their Notes or Regulation Z disclosures inarguably affects a "necessary step" in the loan transaction. Therefore, Section 1632 is preempted as Plaintiff seeks to apply it here.

**4.    World Was A Federally Chartered Bank When Plaintiff Entered Into the Loan**

In his last desperate attempt to avoid preemption, Plaintiff claims that the documents World attached to its Request for Judicial Notice fail to establish that World was a federal savings bank at the time he entered into the loan. Plaintiff's argument fails for several reasons. First, courts

---

[3] The Court found that World voluntarily provided credit information to third parties and this step was not essential to its lending activities. *Id*.

regularly recognize World's status as a federally chartered bank at the pleadings stage. *See, e.g.*, *Buick* at p. 12. Courts routinely recognize World's status because, for any given year, a court need only refer to the records[4] of the Office of Thrift Supervision to verify that World has been a federal savings bank since well before plaintiffs entered into their loan.

Second, Plaintiff alleges that he negotiated and closed his loan in 2005. Cmplt. ¶10. World provided its Certificates of Corporate Existence issued by the Office of Thrift Supervision for both 2005 and 2006. These are precisely the types of public records that courts use to determine the obvious truth that World operated as a federally chartered bank during the relevant time period.[5]

Despite the fact that the Court may readily verify World's corporate existence via public documents on file with the Office Thrift Supervision, to resolve an confusion and promote efficient adjudication, World submits a second Request for Judicial Notice with this brief that includes another public record from Office of Thrift Supervision's website clearly showing that World was a federally chartered bank in from 2004 to 2005. The Court should not allow Plaintiff to evade preemption by making the untenable claim that World was not a federally chartered bank during the relevant time period.

**C.    Plaintiff Has Not Alleged Facts Sufficient To Support His RESPA Claim for Relief**

**1.    World Had No Knowledge Of Guerrero's Alleged Fraud And, Therefore, Is Protected By Section 19(b)'s Safe Harbor Provision**

As Plaintiff implicitly concedes, Section 19(b) of RESPA insulates World from

---

[4] *See* www.ots.gov

[5] Notably, Plaintiff does *not* dispute the veracity of this statement, nor does he bother to file an objection to World's Request for Judicial Notice.

liability unless Plaintiff can show World had actual or constructive knowledge of Guerrero's fraud at the time World paid the commission. That section provides, "Nothing in this section shall be construed as prohibiting…the payment to any persons of a bona fide salary or compensation or other payment for goods or facilities actually furnished or services actually performed…" 12 USC §2607(c)(2). Because World had no knowledge of Guerrero's alleged fraud, it reasonably believed it was paying a commission for services actually provided. Thus, its conduct falls squarely within Section 19(b)'s protection.

Plaintiff's only response to this fatal flaw in his Complaint is to fall back on his inherently deficient agency allegation. Opp. 12:7-9. As described above, Plaintiff has not come anywhere near pleading the facts necessary to establish such an agency relationship. Thus, his RESPA cause of action fails.

### 2.      **Plaintiff Fails To Allege A Kickback Agreement Between World and Guerrero**

Another RESPA requirement that Plaintiff fails to allege is that the commission that World paid Guerrero was made pursuant to a cost sharing or kickback *agreement*. *See* 12 USC §2607(a). In fact, Plaintiff does not allege that any agreement of any kind existed as between World and Guerrero. Therefore, his RESPA claim fails for this reason as well.

### 3.      **Plaintiff Concedes That World Paid Guerrero In Exchange For Services Provided**

Plaintiff's entire RESPA claim is premised on the erroneous assertion that a lender may not pay a broker for services the lender receives. Indeed, Plaintiff steadfastly maintains that he has stated a RESPA claim for relief based solely on his allegation that *he* did not receive any services of value in exchange for the commission World paid Guerrero. *See* Opp 10:1-15. Plaintiff's position ignores the fact that RESPA only requires that Guerrero provide services in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

exchange for payment; it does *not* require that *Plaintiff* benefit from the services Guerrero performed.

Plaintiff's perfunctory dismissal of *Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201 (9th Cir. 2003) misses the point entirely. As the *Bjustrom* court explained: "Mortgage Specialists did all the work 'packaging' the loan that would have been done by Trust one if Trust One had not used a mortgage broker in the transaction. The claims of the Bjustrom class, if valid, would make it unlawful for such a lender to pay its employees for the work they do in preparing a proposed loan for closing." *Id*. at 1208. Accordingly, a lender does not violate RESPA when it pays a broker outside of closing for services the broker provided *to the lender*. Because Plaintiff's Complaint only alleges that *he* received no benefit from the services Guerrero provided, he fails to state a claim.

### 4. Plaintiff Cannot Maintain A Private Cause Of Action Under RESPA

Plaintiff also misunderstands what types of injury give rise to a private right of action under RESPA.

*Edwards v. First Am. Corp.*, 517 F. Supp. 2d 1199, 1202, upon which Plaintiff bases his entire argument, *supports* a finding that Plaintiff does not have standing here. There, the Court departed from the recent trend to the contrary and held that a consumer has standing to sue under RESPA even when they have not overpaid for a settlement service – but that court did *not* find that a consumer has standing to sue when they never paid anything at all for a settlement service. Instead, the *Edwards* court found that RESPA's damages provision allowed a consumer to recover three times the amount they paid for a service rather than the amount they overpaid.[6] The Court went on

---

[6] In its analysis, the court described RESPA's damages provision thusly: "Under RESPA, a person who gives or accepts a 'thing of value' pursuant to an agreement that real estate settlement service business 'shall be referred to any person' is liable to the 'persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." *Edwards*, 517 F. Supp. 2d 1199, 1202, *citing* 12 USC 2607(a), (d)(2).

to hold that "the plain language of the statute favors a finding that damages are not limited to *over*charges: violators are liable for 'any charge *paid*' for settlement service 'involved in' a violation of RESPA." *Id*. at 1203 [emph. added].

Here, not only does Plaintiff fail to plead that he was overcharged for any service, he *fails to allege that he paid – or even was obligated to pay - for any service whatsoever*. Accordingly, he fails to state a RESPA cause of action.

### III.    CONCLUSION

Plaintiff's Complaint fails to come anywhere near alleging sufficient facts to support his conclusory allegation of an ostensible agency relationship between Guerrero and World. As this fatally flawed allegation is supposed to serve as one leg of both his Section 1632 and RESPA claims for relief against World, Plaintiff's Complaint should be dismissed because this leg is missing. Moreover, Plaintiff's Complaint should be dismissed with prejudice because the other legs of his claims under Section 1632 and RESPA – the substantive necessary elements to establish violation of either statute – are missing as well. As to Section 1632, HOLA preempts Plaintiff's claim. As to the RESPA, Plaintiff lacks standing to maintain an action against World because he never paid anything for the settlement service at issue.

In sum, the Court should dismiss Plaintiff's Complaint as to World, *with prejudice*.

DATED:  June 19, 2008.

REED SMITH LLP


By     /s/ Keith D. Yandell
       Keith D. Yandell
       Attorneys for Wachovia Mortgage, FSB