1

2   DONALD F. SETH (Bar No. 92318)
    LAW OFFICE OF DONALD SETH
3   290 B Street, Suite 205
    Santa Rosa, CA 95401
4   Tel: (707) 545-6370
    Fax: (707) 545-9770
5
    Attorney for Plaintiff
6   GONZALO PENA TORRES

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  GONZALO PENA TORRES,                )   CASE NO.: C08-01775 WHA
                                        )
11                                      )   (Formerly Sonoma County Superior Court
                     Plaintiff,         )   Case No. SCV 242546)
12                                      )
            vs.                         )   JOINT CASE MANAGEMENT
13                                      )   STATEMENT AND RULE 26(F) REPORT
                                        )
14  WACHOVIA MORTGAGE                   )
    CORPORATION, et al.                 )   Complaint Filed:  March 14, 2008
15                                      )
                                        )   Initial CMC Date:    July 3, 2008
16                   Defendants.        )   Time:                11:00 a.m.
17                                      )   Courtroom:           9

18  The parties submit the following Joint Case Management Statement

19          1. Jurisdiction and Service:  This case was removed to this Court under the provisions of 28

20  U.S.C. §§ 1441 and 1446.  All defendants have been served and have answered the complaint.

21  Plaintiff dismissed ANUSHKA COVERDALE without prejudice by order of the Court on June 3,

22  2008.

23          2. Facts:  Plaintiff is a Spanish-Speaking homeowner living at 1224 Caribou Court, Santa

24  Rosa, Sonoma County, California.  In 2005, he wished to buy income property and approached

25  Defendant MAGNOLIA GUERRERO, a real estate agent.  GUERRERO alleges she was an

26  independent contractor working for Defendant COVERDALE VENTURES, INC.  GUERRERO

27  showed Plaintiff a fourplex located at 865-871 Aston Avenue, Santa Rosa, Sonoma County,

28

    CASE NO.: C08-01775 WHA              1

    JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

California, which was listed by Sherman Campbell of Real Estate Invest Planners.  Plaintiff alleges that his income did not qualify him to buy the fourplex without additional financing.

Plaintiff further alleges that GUERRERO told him that he could take equity out of his home to use as a down payment without his current mortgage payment increasing.  It is Plaintiff's belief that GUERRERO, falsified his income and assets on the credit application.  Plaintiff's application was approved and he borrowed $108,000 from World Savings Bank, FSB ("WORLD") for the down payment on the income property.  The note Plaintiff signed for this loan was in English.  Plaintiff contends that his loan experienced negative amortization and that the payments increased over the first two years of the loan.

According to Plaintiff, GUERRERO then falsified his income and assets a second time in securing financing for the income property.  Plaintiff alleges that he obtained a second negative amortization loan from a different lender that Plaintiff soon could not afford to pay.

Now both loans have now been reamortized according to their terms and Plaintiff can no longer make the payments.

A.  *Defendants' Contentions*

Defendants COVERDALE and GUERRERO contend that it was the Plaintiff who approached GUERRERO about the purchase of the Aston Property.  It was in fact, Mr. Torres who went online to research purchasing income property at which time he observed a MLS listing for the Aston Avenue fourplex.  He later contacted GUERRERO after viewing her advertisement in a Spanish speaking magazine in which she highlighted her services.

COVERDALE and GUERRERO further contend that Plaintiff has resided at this residence for over six (6) years and that Plaintiff successfully rented out the Aston Avenue fourplex for several years until his mortgage payments increased.  .

COVERDALE and GUERRERO deny all allegations that the information contained on the loan applications were falsified as the loans were based on his stated income.  Plaintiff stated on his applications, that he derived his income as a Site Supervisor for a construction company with additional income derived as a handyman.  Defendants will determine from discovery that they did require Plaintiff's pay stubs and other documentation supporting his stated income and therefore any

CASE NO.: C08-01775 WHA                    2

1    stated income was believed to be sufficient to qualify him for the loan if the bank, in fact, loaned him

2    the money.

3        3. <u>Legal Issues</u>:  As outlined in its Motion for Judgment on the Pleadings, Defendant World

4    contends that Plaintiff has not and cannot allege that GUERRERO was WORLD's agent.  Therefore,

5    WORLD cannot be liable for, or imputed with knowledge of, GUERRERO's alleged fraud.  As

6    GUERRERO negotiated the terms of Plaintiff's loan with WORLD in English, Plaintiff has not and

7    cannot state a California Civil Code Section 1632 claim against WORLD.  Moreover, the Home

8    Owners' Loan Act of 1933, 28 Stat. 129, as amended, 12 U.S.C. Section 1461, *et. seq.* ("HOLA"),

9    preempts that statute as Plaintiff seeks to apply it to WORLD.

10        WORLD further argues that Plaintiff's Real Estate Settlement Procedures Act ("RESPA")

11    claim against it fails because WORLD's alleged conduct falls squarely within the safe harbor

12    provision of RESPA.  In any event, WORLD argues that Plaintiff has not stated a claim against

13    WORLD because Plaintiff alleges only that GUERRERO's services has not value *to Plaintiff*.

14    Finally, WORLD contends that its payment of a commission to GUERRERO construed a reasonable

15    payment for services actually performed and, therefore, did not violate RESPA.

16        Defendants COVERDALE and GUERRERO argue that Plaintiff cannot support his claim

17    under RESPA as the fourplex is income/commercial property and therefore excluded from the

18    protections of that statute.  *See,* <u>12 U.S.C. § 2606(a)</u>.  It is further argued that the loans were stated

19    income and therefore Plaintiff was eligible for the financing if the bank approved the loan and lent

20    him the money for the purchase of the income property.  As such, Defendants COVERDALE and

21    GUERRERO deny all claims of fraud, misrepresentation, breach of contract, breach of fiduciary duty

22    and statutory violations with respect to the financing and purchased of the Aston Avenue

23    income/commercial property.

24        4. <u>Motions</u>: WORLD has filed a Motion for Judgment on the Pleadings, to be heard at 8:00

25    on the morning of the Case Management Conference.

26        5. <u>Amendment of Pleadings</u>:  If WORLD's Motion for Judgment on the Pleadings is granted,

27    Plaintiff may seek to amend his Complaint.  WORLD may amend its Answer to state counterclaims

28    seeking indemnity from co-defendants and attorney's fees from Plaintiff.  Defendants COVERDALE

CASE NO.: C08-01775 WHA              3

1    and GUERRERO also reserve the right to amend their Answer to state counterclaims seeking

2    indemnity from co-defendant, WORLD, if the Motion for Judgment on the Pleadings is not granted.

3    COVERDALE and GUERRERO reserve the right to seek attorney's fees and costs from all parties.

4          6. <u>Evidence Preservation</u>: Plaintiff's paper documents are in the possession of counsel; no

5    electronic documents are known to exist at this time.  WORLD has put a litigation hold in place

6    covering electronic and hard copy documents related to Plaintiff's loan. Counsel for COVERDALE

7    and GUERRERO is in possession of all documents, hard copies and electronic, believed to exist

8    related to Plaintiff's loan, the refinance of the Caribou Court property and the purchase of the Aston

9    Property fourplex.

10          7. <u>Disclosures</u>:  Plaintiff timely disclosed the identity of all known witnesses and provided

11    copies of all documents that Plaintiff may use to support his claims.  On June 25th, WORLD served

12    its initial disclosures pursuant to Rule 26's requirements.  Defendants COVERDALE and

13    GUERRERO will serve their initial disclosures on all parties prior to the July 2, 2008 deadline set by

14    the Court (hopefully by June 27, 2008).

15          8. <u>Discovery</u>:  Plaintiff and Defendants have not engaged in any discovery to date.  The

16    parties anticipate propounding written discovery and conducting non-expert deposition discovery

17    subject to the Federal Rules of Civil Procedure.  The parties submit the following Rule 26(f)

18    Discovery Plan:

19

20         *Rule 26(f)(2):  The subjects on which discovery may be needed when discovery should be*

21         *completed and whether discovery should be conducted in phases or be limited to or focused*

22         *upon particular issues*

23         The subject matter on which discovery may be needed relates to Plaintiff's claims of fraud,

24    violation of California Civil Code § 1632, RESPA, all related claims, as well as the Defendants'

25    defenses thereto.  Discovery may also be needed in relation to WORLD's potential claims against

26    Plaintiff's broker and any claims against WORLD alleged by COVERDALE and GUERRERO.

27    There parties agree that there is no need to conduct discovery in phases and no need to alter discovery

28    limitations.

CASE NO.: C08-01775 WHA         4

1

2      *Rule 26(f)(3):  What changes should be made in the limitations on discovery imposed under*

3      *these rules or by local rule, and what other limitations should be imposed.*

4      The parties agree that there is no need to change the limitations on discovery imposed by the

5      Federal Rules of Civil Procedure or the Local Rules for the purposes of discovery in this case.

6

7      *Rule 26(f)(4):  Any other orders that should be entered by the court under 26(c) or under Rule*

8      *16(b) and (c).*

9      None.

10

11      9.  Class Actions:  Not Applicable.

12      10.  Related Cases:  None Known

13      11.  Relief:  Plaintiff seeks rescission of the World Savings Loan, money damages in excess

14      of $250,000, punitive damages against GUERRERO and COVERDALE, and a civil penalty of

15      $22,440.00.

16      WORLD plans to seek its costs and attorney's fees (under Section 7 of the Deed of Trust

17      associated with the subject loan) incurred defending against Plaintiff's claims.  Also, WORLD may

18      seek indemnity from co-defendants and third parties.

19      Defendants COVERDALE and GUERRERO may seek indemnity from co-defendants and

20      third parties.

21      12.  Settlement and ADR:  The parties have yet to discuss settlement as discovery has not

22      begun.  All parties have agreed to mediation and are in the process of selecting a mediator through

23      JAMS – San Francisco Office.

24      13.  Consent to Magistrate Judge:  WORLD has declined to proceed before a Magistrate

25      Judge.

26      14.  Other References:  Not Applicable.

27

28

CASE NO.: C08-01775 WHA              5

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

15. <u>Narrowing of Issues</u>:  None at this time.  The parties believe it would be premature at this juncture to narrow the scope of potential issues to be raised at trial, as discovery has not yet been conducted in this case.

16. <u>Expedited Schedule</u>:  Not Applicable.

17. <u>Scheduling</u>:  WORLD proposes the following schedule:

| | |
|---|---|
| Disclosure of Experts and Reports: | January 10, 2009 |
| Completion of Fact Discovery: | February 15, 2009 |
| Dispositive Motion Hearing Deadline: | March 25, 2009 |
| Pretrial Conference: | June 4, 2009 |
| Start of Trial: | June 16, 2009 |

18. <u>Trial</u>:  Defendants has requested a jury trial.  It is estimated that a trial in this matter will take three (3) to six (6) full court days.

19. <u>Disclosure of Non-Party Interested Entities of Persons</u>:  None known to Plaintiff. WORLD has submitted its Certificate of Interested Parties.  None presently known to Defendants COVERDALE and GUERERRO

Dated: June 26,  2008                                      REED SMITH, LLP


                                                                       /s/
                                                          KEITH D. YANDELL
                                                          Attorney for Defendant Wachovia Mortgage
                                                          Corp.

*Consent in the filing of this document has been given by the signatories below:*

Dated: June 26,  2008                                      /s/
                                                          DONNALD F. SETH
                                                          Attorney for Plaintiff Gonzalo
                                                          Pena Torres

Dated: June 26,  2008                                      /s/
                                                          KARA A. SMITH
                                                          Attorney for Defendant Coverdale
                                                          Ventures, Inc. and Magnolia
                                                          Guerrero

CASE NO.: C08-01775 WHA                    6

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

1   Dated: June 26, 2008                              /s/

2                                  VINCENT J. ADAMS
Attorney for Defendant  Coverdale
3                                  Ventures, Inc. and Magnolia
Guerrero

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: C08-01775 WHA          7

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT