Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233416)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084
Telephone:   +1 510 763 2000
Facsimile:    +1 510 273 8832

Attorneys for Defendant
Wachovia Mortgage, FSB (sued incorrectly as
"Wachovia Mortgage Corporation")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO PENA TORRES,<br><br>                    Plaintiff,<br><br>     vs.<br><br>WACHOVIA MORTGAGE CORPORATION; COVERDALE VENTURES, INC.; ANUSHKA M. COVERDALE; MAGNOLIA GUERRERO; and DOES ONE through FORTY,<br><br>                    Defendants. | No.: C08-01775 WHA<br><br>(Formerly Sonoma County Superior Court Case No. SCV 242546)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Honorable William Alsup<br><br>Compl. Filed:     March 14, 2008 |

1.     PURPOSES AND LIMITATIONS:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

    2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2   Disclosure or Discovery Material:  all items or information, regardless of how generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that (i) constitute a trade secret or confidential or private financial, research, development or commercial information, or might be of competitive value to any entity other than the Designating Party; (ii) continue private consumer information; or (iii) were received in confidence from third parties.

    2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly confidential – Attorneys' Eyes Only."

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the Producing Party must affix the appropriate legend at the top or bottom of each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3   Inadvertent Failures to Designate. If a party inadvertently produces information that it later discovers, or in good faith asserts, to be privileged or otherwise protected from disclosures, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protection. In these circumstances, the producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's counsel of record in this action, as well as employees and agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The Receiving Party, and the officers, directors, and/or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

  (d) The Court and its personnel, including any Court-appointed mediators;

  (e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

  (f) The author of the document or the original source of the information.

  7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

  (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Boundy by Protective Order" that is attached hereto as Exhibit A;

  (b) the Court and its personnel, including any Court-appointed mediators;

  (c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A); and

  (d) the author of the document or the original source of the information

7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

(a)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific Expert, (2) sets for the full name of the Expert and the city and state of his/her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his/her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has provided any professional services during the preceding five years.

(b)  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be

1  accompanied by a competent declaration in which the movant describes the parties' efforts to resolve
2  the matter by agreement and sets forth the reasons advanced by the Designating Party for its refusal
3  to approve the disclosure.

5  In any such proceeding the Party opposing disclosure to the Expert shall bear
6  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards
7  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
10       OTHER LITIGATION

12  If a Receiving Party is served with a subpoena or an order issued in other litigation that
13  would compel disclosure of any information or items designated in this action as
14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," the
15  Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible)
16  immediately and in no event more than three court days after receiving the subpoena or order. Such
17  notification must include a copy of the subpoena or court order.

19  The Receiving Party also must immediately inform in writing the Party who caused the
20  subpoena or order to issue in the other litigation that some or all the material covered by the
21  subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party
22  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
23  caused the subpoena or order to issue.

25  The purpose of imposing these duties is to alert the interested parties to the existence of this
26  Protective Order and to afford the Designating Party in this case an opportunity to protect its
27  confidentiality interests in the court from which the subpoena or order issued. The Designating
28  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

No.: C08-01775 WHA          - 11 -
Stipulated Protective Order

1  material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving
2  Party in this action to disobey a lawful directive from another court.

4      9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
7  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
8  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
9  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
10  person or persons to whom unauthorized disclosures were made of all the terms of this Order, and
11  (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
12  that is attached hereto as Exhibit A.

14      10.    FILING PROTECTED MATERIAL

16      Without written permission from the Designating Party or a court order secured after
17  appropriate notice to all interested persons, a Party may not file in the public record in this action
18  any Protected Material. A Party that seeks to file under seal an Protected Material must comply with
19  Civil Local Rule 79-5.

21      11.    FINAL DISPOSITION

23      Within sixty days of the final termination of this action, at the request of any Producing
24  Party, each Receiving Party shall either return all Protected Material to the Producing Party or
25  destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all
26  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the
27  Protected Material. Whether the Protected Material is returned or destroyed, within sixty days of the
28  Producing Party's request, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

DATED: August 7, 2008.

                REED SMITH LLP

By    /s/ Keith D. Yandell
      Keith D. Yandell
      Attorneys for Wachovia Mortgage, FSB

DATED: August 7, 2008.

     /s/ Donald F. Seth
     Donald F. Seth
     Attorney for Plaintiff Gonzalo
     Pena Torres

DATED: August 7, 2008.

     s/ Kara A. Smith
     Kara A. Smith
     Attorney for Defendant Coverdale
     Ventures, Inc. and Magnolia
     Guerrero

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____, 2008

_____
Hon. William Alsup
United States District Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Northern Distric of California, on _____ in the case of *Torres v. Wachovia Mortgage Corporation, et al.*, Case No. C08-01775.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____
     [signature]